IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ERIC SELF                                                                                          PLAINTIFF

v.                                              No. 3:05CV00170 GH

ARKANSAS STEEL ASSOCIATES, LLC; ET AL.                                DEFENDANTS

## ORDER

Pending before the Court is plaintiff's May 9th first motion in limine to exclude evidence of violence between himself and Cindy Evins, a current employee of defendant, as well as evidence that he was convicted of misdemeanor battery against Evins. Plaintiff argues that the evidence of violence is not relevant as none of the defendants' decision-makers have testified that the volatile relationship between plaintiff and Evins was a reason for the decision to terminate plaintiff. He continues that, even if found relevant, such evidence could possibly confuse the issues or mislead the jury, neither action resulted in any disciplinary action being taken against plaintiff, these actions took place several years before plaintiff was terminated, the evidence does not concern his character for truthfulness or untruthfulness, and the probative value would be substantially outweighed by the danger of unfair prejudice. Plaintiff adds that evidence of his battery conviction should be excluded, not only for the reasons just argued, but as the crime was not punishable by imprisonment in excess of one year and it does not involve dishonesty or a false statement.

Defendants filed a response on May 19th that plaintiff has put his reputation and character squarely at issue in this case by the allegation that defendants "slandered his reputation" and violated

-1-

his right to privacy by allegedly disclosing that he had failed a drug test. They assert that defendants in defamation actions have long been allowed to introduce evidence of a plaintiff's prior reputation and here plaintiff readily admitted to slapping his former girl friend, breaking down her front door, and being arrested in the parking lot of ASA in front of his co-employees in 2001. Defendants counter that they are not seeking to impeach plaintiff or impact his credibility with this evidence, but to offer relevant evidence of his past conduct and convictions as he has put his reputation and character at issue.

The Court has reviewed the amended complaint as well as the exhibits to defendants' response and agrees with defendants that plaintiff has indeed placed his reputation at issue in Count II for which he seeks both compensatory and punitive damages. Plaintiff alleges that defendants have "slandered his reputation," "attempt[ed] to slander Plaintiff's reputation," and "Plaintiff has lost reputation." In his April 6th deposition, plaintiff testified that people from defendant saw him arrested in the steel mill parking lot, that he did not think the arrest helped his reputation, and that it would not surprise him if he had threatened to beat a person within an inch of his life. Thus, the Court finds that the evidence defendants seek to introduce regarding plaintiff's relationship with Evins is very relevant as going to the merits of his allegations in Count II concerning his reputation.

Accordingly, plaintiff's May 9th first motion (#12) in limine is hereby denied.

IT IS SO ORDERED this 6th day of June, 2006.

*George Howard, Jr.*
_____
UNITED STATES DISTRICT JUDGE